# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STAR INSURANCE COMPANY,
a Michigan corporation,

        Plaintiff,

vs.                                                                               CIVIL NO. 01-935 RLP/DJS

FLAVIO VIGIL,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the court on Defendant Flavio Vigil's ("Vigil") Motion to Dismiss for Lack of Personal Jurisdiction **(Docket No. 4)**, the court having read the motion, the memoranda in support of and in opposition to the motion and otherwise being fully advised, finds that motion is well taken and will be **granted.**

On August 16, 2001, Plaintiff, Star Insurance Company ("Star"), brought this action for subrogation stemming from the wrongful death of its insured Anthony Hall[1]. The estate of Mr. Hall has made a claim under the Star insurance policy for uninsured/underinsured benefits. The policy limit for this coverage is $500,000. The personal representative of Mr. Hall's estate has assigned to Star all of its rights against Defendant for the alleged wrongful death of Mr. Hall.

Defendant presents three arguments for dismissal. First, the assignment of a

---

[1] On December 25, 2000 Mr. Hall, an insured of Plaintiff, Star, was driving on New Mexico State Road 104 when his car collided with a vehicle driven by the defendant, Vigil. (Docket No. 1)

wrongful death claim is not allowed under New Mexico law. Second, jurisdiction fails because Star stands in the shoes of its assignor for purposes of establishing diversity of citizenship and, therefore, the parties are not diverse. Third, the only claim Star can establish is a claim for its subrogated interest in the amount of $30,000 and, therefore, jurisdiction fails for failure to meet the jurisdictional minimum amount.

Defendant's Motion to Dismiss is made pursuant to Fed.R.Civ.P. 12(b)(1) and (6). A district court must determine whether there is subject matter jurisdiction first prior to deciding the merits of the case. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998). Therefore, the question whether Star is a citizen of New Mexico must be addressed prior to any analysis of the question of the assignability of a New Mexico wrongful death claim.[2]

A party alleging subject matter jurisdiction has the burden of proof. *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 401 (7th Cir. 1986). Star alleges it is a citizen of the state of Michigan, thereby establishing complete diversity. For purposes of diversity, the personal representative of the estate of a decedent is deemed a citizen of the state of the decedent. 28 U.S.C. § 1332(c)(2). On June 28, 2001 the personal representative assigned " . . . all the claims, rights and/or cause of action that the Estate may have against any other person or party . . . arising from the motor vehicle Accident of December

---

[2]The jurisdictional issue relating to the insufficiency of the $30,000 subrogation claim for diversity purposes is a secondary since this issue is dependent on an analysis of the validity of a wrongful death assignment under New Mexico law. If a wrongful death assignment is valid, the "legal certainty" test would dictate that the jurisdictional minimum has been met. If the assignment is not valid, there is no question Plaintiff cannot meet the jurisdictional minimum. Any potential subrogated claims above $30,000 are premature.

25, 2000. . ." to Star, a citizen of Michigan. The assignment was made for consideration paid in the amount of $30,000. No allegation has been made that the assignment was collusive or otherwise made to create diversity of citizenship. Without proof of collusion or other improper purpose, the assignee's citizenship determines diversity jurisdiction. *Westinghouse Credit Corp. v. Shelton,* 645 F.2d 869 (10th Cir. 1981); *Bradbury v. Dennis,* 310 F.2d 73 (10th Cir. 1962). Star, the assignee, is a citizen of Michigan and, therefore, this court has subject matter jurisdiction over the parties. 28 U.S.C. § 1332(a)(1).

New Mexico's Wrongful Death Act creates a cause of action that did not exist at common law. *Perry v. Staver,* 81 N.M. 766, 769 (Ct. App. 1970). This statute specifically provides the mechanism to pursue a wrongful death claim: "Every action . . . shall be brought by and in the name . . . of the personal representative of the deceased person . . ." N.M.S.A. 1978 § 41-2-3 (Repl. Pamp. 1996). The statute is silent on the validity of an assignment of a wrongful death claim. In the absence of statutory authority, a personal cause of action sounding in tort is not subject to assignment prior to judgment. *Kandelin v. Lee Moor Contracting Co.,* 37 N.M. 479, 490 (1933). By its terms and on its face, the New Mexico statute does not permit assignment of a wrongful death cause of action. Therefore, an attempted assignment is void.[3]

**IT IS THEREFORE ORDERED** that Defendant Vigil's Motion to Dismiss for Lack of Personal Jurisdiction is granted. Plaintiff's Complaint is dismissed without prejudice.

---

[3] When faced with a similar situation the Arizona Court of Appeals held that actions for personal injuries were not assignable prior to judgment. In *Lingel v. Olbin,* 8 P.3d 1163, 1166 (Az. Ct. App. 2000)

3

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge
(Sitting by designation)

Jon K. Stanford, Esquire - Attorney for Plaintiff
Tim L. Fields, Esquire - Attorney for Plaintiff
Jeffrey E. Jones, Esquire - Attorney for Defendant